UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIFFANY HOWARD, by her Next Friend,
CHRISTINE HOWARD,

                Plaintiff,

v.

FAIRLANE TOWN CENTER, LLC, a limited
liability company, F.S.B.F. MANAGEMENT,
INC, a for profit corporation, d/b/a/FAIRLANE
TOWN CENTER SECURITY, and MARILYN
JONES #697-888, in her individual and official
capacity, Jointly and Severally,

                Defendants.
_____ /

Case Number: 05-74688

JUDGE PAUL D. BORMAN
UNITED STATES DISTRICT COURT

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

Now before the Court is Plaintiff's Motion to Remand. The Court having been advised by the pleadings, concludes that oral argument is not necessary. Having considered the entire record, and for the reasons that follow, the Court GRANTS Plaintiff's Motion to Remand.

**I.    FACTS**

On November 21, 2005, Plaintiff Tiffany Howard, by her next friend, Christine Howard, ("Plaintiff") filed a five-count Complaint with the Wayne County Circuit Court against Defendants Fairlane Town Center, LLC, F.S.B.F. Management, Inc. (d/b/a Fairlane Town Center Security), and Marily Jones (collectively "Defendants"). Defendants filed a timely Notice of Removal to this Court on December 9, 2005.

In their notice of removal, Defendants claim that Count II, entitled Deprivation of

1

Constitutional Rights, alleges a federal question.  (*See* Notice of Removal 2).

The instant case is now before the Court on Plaintiff's Motion to Remand.

Plaintiff argues that her Complaint grows out of the rights recognized under the laws of the State of Michigan and there is no federal question involved.  Plaintiff also states that the parties are not diverse.  Thus, Plaintiff believes there is no basis for federal court jurisdiction.

Defendants responds that though Counts I, III, and V are based on Michigan law, a reasonable reading of Count II leads to the conclusion that Plaintiff seeks recovery for deprivation of her rights under the U.S. Constitution.  Defendants also argue that although Plaintiff alleges grossly negligent actions of Defendants in violation of the Michigan constitution in Count I ¶¶ 20-21 in the Complaint, they are unaware of any provisions in the Michigan constitution which protects Plaintiff from the alleged negligence of Defendant.  Thus, Defendant contends that this is a federal claim.

## II.    ANALYSIS

### A.    Standard of Review

Any civil action brought in a State court of which the federal courts have original jurisdiction may be removed by the defendant to the district and division embracing the place where such action is pending.  28 U.S.C. § 1441.  A case can only be removed to federal court under federal question jurisdiction when the plaintiff's complaint – not the defendant's answer – raises an issue of federal law.  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 (1987).  The party seeking removal bears the burden of demonstrating that the district court has original jurisdiction.  *Id.*; *see also Conrad v. Robinson*, 871 F.2d 612, 614 (6th Cir. 1989).

### B.    Discussion

In her Complaint, Plaintiff alleges that she was deprived the following rights under the Michigan constitution:

a. Freedom from the use of excessive and unreasonable force;
b. Freedom from deprivation of liberty without due process of law;
c. Right to reading of rights while in custody;
d. Freedom of summary punishment;
e. Freedom to communicate and associate with others; and
f. The right to be represented by an attorney.

(Compl. ¶ 23).  Defendant is correct that only some of these rights appear to be included in the constitution of the State of Michigan.  The Michigan constitution does include the freedom from deprivation of liberty without due process of law, (Art. I, § 17), and the right to be represented by an attorney, (Art. I, § 13).

Plaintiff also alleges in her Complaint that she suffered bodily harm by Defendants and their police officers, "under color of law of their authority as police official authorities." (Compl. ¶ 24).  "Under color of law" is a phase commonly used in Section 1983 complaints.  Plaintiff's Complaint states that Defendants' unlawful and malicious acts were "in violation of rights guaranteed by the constitution of the First, Fourth, Fifth, Eighth, and Fourteen amendments *of the state of Michigan*."[1]  (Compl. ¶ 24) (emphasis added).  Additionally, Plaintiff's Complaint claims that "[t]he punishment administered was . . . cruel and unusual [] and deprived each of rights due to due process of law under the *constitution and the laws of the*

---

[1] The Michigan constitution is set out in "Articles," with Article I enumerating the rights to persons within the state.  The Michigan constitution does not have numbered Amendments, and Article I, Section 1(political power), Section 4 (Freedom of Religion), Section 5 (Freedom of Speech and Press), Section 8 (Quartering of Soldiers), and Section 14 (Jury Trials) are not remotely similar to the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the U.S. Constitution.  It is also important to note that Article I, Section 11 covers search and seizures, but is not identical to that of the Fourth Amendment to the U.S. Constitution.

*state of Michigan . . .*"  (Compl. ¶ 25) (emphasis added).

The Court finds that a fair reading of the Complaint would lead the reader to understand that Plaintiff is alleging deprivations of rights under the Michigan constitution, as well as state law deprivations.  "Whether a claim arises under federal law for purposes of federal question jurisdiction is governed by the 'well-pleaded complaint' rule, which provides that 'federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'"  *McKinney v. City of Grosse Pointe Park*, 72 F. Supp. 2d 788, 790 (E.D. Mich. 1999) (citing Caterpillar Inc. v. Williams, 482 U.S. 386, 96 L. Ed. 2d 318, 107 S. Ct. 2425 (1987)).  "Removal statute should be strictly construed and all doubts resolved in favor of remand."  *Mehney-Egan v. Mendoza*, 124 F. Supp. 2d 467, 470 (E.D. Mich. 2000) (referencing *Her Majesty the Queen in Right of the Province of Ontario v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989)).

On the face of the instant Complaint, there are no explicit federal questions raised.  Further, the Michigan constitution is repeatedly mentioned in Count II of the Complaint - while there is no mention of the U.S. Constitution - making it clear that Plaintiff wishes to pursue state constitutional claims.  Although Plaintiff's Complaint uses "color of law" language and refers to the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the "constitution of the state of Michigan," this cannot be construed as a federal question, especially in light of the fact that all claims state that they arise under the constitution and laws of the State of Michigan.

Accordingly, the Court finds that Plaintiff's Complaint does not allege deprivations of rights guaranteed by the U.S. Constitution and therefore, this Court does not have jurisdiction.

**III.    CONCLUSION**

For the reasons stated, the Court GRANTS Plaintiff's motion and hereby REMANDS the case to Wayne County Circuit Court.

**SO ORDERED.**

                                                   s/Paul D. Borman
                                                   PAUL D. BORMAN
                                                   UNITED STATES DISTRICT JUDGE

Dated:  August 16, 2006

### CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on August 16, 2006.

                                                 s/Denise Goodine
                                                 Case Manager